**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:13-CV-678-MOC-DSC**

| | |
|---|---|
| LEE S. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.P. MORGAN CHASE NATIONAL | ) |
| CORPORATE SERVICES, INC., et. al., | |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' respective "Motion[s] to Dismiss (documents ##21 and 26), as well as the parties' briefs and exhibits. See documents ##16, 21, 26-1, 27-1, 30, 31, 33, 35-37, 39 and 40.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions to Dismiss be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Amended Complaint as true, Plaintiff Lee Johnson obtained a mortgage loan from RBC Centura Bank that he claims was sold to Chase Home Finance, LLC ("CHF"), in or around January 2005. Plaintiff claims CHF notified him that he was in default on his mortgage in April 2009. He contacted CHF the next month about a

1

possible loan modification under the federal government's Home Affordable Modification Program ("HAMP"). Plaintiff attached several letters to his Amended Complaint that he received from CHF about a possible modification. The first letter advised Plaintiff that he might be eligible for a HAMP modification if he met several requirements, including making three trial-period payments. The deadline for responding was June 23, 2009.

Plaintiff alleges that he made the three trial-period payments. On September 10, 2010, CHF wrote Plaintiff advising that he was ineligible because his loan was not a first-lien mortgage and his housing expense was less than or equal to thirty-one percent of his gross monthly income. Plaintiff alleges that he contacted CHF sometime later and was told he had been approved for a modification and would receive notification by mail. Plaintiff alleges that he received a letter dated March 22, 2011 informing him that he had a trial payment due but failing to specify the amount. According to the Amended Complaint, Plaintiff was never notified of an amount for the trial payment.

On March 20, 2013, CHF sent Plaintiff another letter advising that he was approved for a "trial period payment plan" and specifying the amount and due dates of the payments. Plaintiff does not allege that he made any of those payments. On March 21, 2013, CHF sent Plaintiff a letter advising that he was ineligible for a modification.

On December 20, 2013, Plaintiff filed his Complaint, which as amended, asserts claims citing breach of contract, breach of covenant of good faith and fair dealing, fraud, negligent misrepresentation, unfair and deceptive trade practices, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C § 2601, et seq., mail and wire fraud, the Consumer Financial Protection Act ("CFPA") 12 U.S.C. §§ 5481, et seq., predatory lending, the Truth in Lending Act ("TILA"), 15 U.S.C §

2

1601, et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and civil conspiracy.

In their Motions to Dismiss, Defendants contend, inter alia, that six of Plaintiffs' claims are barred by the applicable statutes of limitations and that the remaining claims fail to allege facts sufficient to support them.

Defendants' Motions to Dismiss have been fully briefed and are ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### B. Statutes of Limitations

Accepting the factual allegations of the Amended Complaint as true, Plaintiffs' claims for breach of contract, fraud, negligent misrepresentation, and violations of FDCPA, TILA and RESPA are barred by the applicable statutes of limitations. The factual basis for Plaintiff's claims is that Defendants failed to accept him into the HAMP program after he made the required trial payments. According to documents attached to his Amended Complaint, Plaintiff

4

was aware of this decision no later than September 2010.

Under North Carolina law, a claim for fraud and misrepresentation must be brought within three years of the time Plaintiff knew or reasonably should have known of the facts giving rise to the fraud and misrepresentation. N.C. Gen. Stat. § 1-52 (three year statute of limitations for fraud and misrepresentation). "Where a person is aware of facts and circumstances which, in the exercise of due care, would enable him or her to learn of or discover the fraud, the fraud is discovered for the purposes of the statute of limitations." Jennings v. Lindsey, 69 N.C. App. 710, 715, 318 S.E.2d 318, 321 (1984) (citations omitted). Similarly, a breach of contract claim has a three year statute of limitations that runs from the date of breach. N.C. Gen. Stat. § 1-52(1). The FDCPA contains a one-year statute of limitations: "[a]n action to enforce any liability created by . . . [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff filed this action on December 20, 2013, more than three years after these claims arguably accrued.

TILA and RESPA relate to loan origination. Each has a one-year statute of limitations. See 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA); Zaremski v. Keystone Title Associates, Inc., 1989 WL 100656, *1 (4th Cir. 1989). Plaintiff obtained the loan no later than sometime in 2005, more than seven years before he filed this lawsuit.

Accordingly, the undersigned respectfully recommends that the Defendants' Motions to Dismiss be granted as to Plaintiffs' breach of contract, fraud, negligent misrepresentation, FDCPA, TILA and RESPA claims.

C. **Breach of Covenant of Good Faith and Fair Dealing**

The duty of good faith and fair dealing does not impose upon the lender a duty to modify

its borrower's mortgage loan, even if the borrower cannot make his monthly payments. James v. Vanderbilt Mortgage & Finance, Inc., No. 3:11-cv-498, 2012 U.S. Dist. LEXIS 16577 at 11 (W.D.N.C. Jan. 23, 2012), aff'd, 2012 U.S. Dist. LEXIS 16578 (W.D.N.C. Feb. 10, 2012) Such a duty would allow the court to re-write the terms of a loan. Id.

For this reason and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that Plaintiff's claim for breach of covenant of good faith and fair dealing be dismissed.

### D. Unfair and Deceptive Trade Practices Claim

To state a claim under North Carolina's Unfair and Deceptive Trade Practices Act (the "UDTPA"), a plaintiff must allege three elements: "(1) the defendant committed an unfair or deceptive trade practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff." Bob Timberlake Collection, Inc. v. Edwards, 176 N.C. App. 33, 41, 626 S.E.2d 315, 322, disc. rev. denied, 360 N.C. 531, 633 S.E.2d 674 (2006); "Whether an act or practice is unfair or deceptive is a question of law for the court." DiFrega v. Pugliese, 164 N.C. App. 499, 507, 596 S.E.2d 456, 462 (2004). The jury determines whether the act or practice actually occurred. A.G. Systems, Inc. v. United Decorative Plastics Corp., 55 F.3d 970, 975 (4th Cir. 1994).

"[I]t is well established that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under" the UDTPA unless "substantial aggravating circumstances" are shown. Computer Decisions, Inc. v. Rouse Office Mgmt., 124 N.C. App. 383, 390, 477 S.E.2d 262, 266 (1996), disc. rev. denied, 345 N.C. 340, 483 S.E.2d 163 (1997).

In support of his UDTPA claim, Plaintiff alleges that Defendants invited him to apply for a loan modification but then denied his application. These allegations do not rise to the level of egregious behavior required to successfully plead a UDTPA claim. Cabrera v. Bank of America, N.A., No. 5:11-cv-563, 2013 U.S. Dist. LEXIS 21401, at 14-15 (E.D.N.C. Feb. 12, 2013) (plaintiff borrowers did not have a UDTPA claim against their lender, even though it allegedly "frustrated the loan modification process … [with] delays and repetitive requests that frustrated the contract finalization process" and prevented them from conducting a short sale of the property.)

For this reason and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that Plaintiff's claim for unfair and deceptive trade practices be dismissed.

**E. RICO Claim**

The Racketeer Influenced and Corrupt Organizations Act ("RICO") "creates civil liability for those who engage in a pattern of racketeering activity." GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). The RICO private right of action "is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." US Airline Pilots Ass'n v. AWAPPA, LLC, 615 F.3d 312, 317 (4th Cir. 2010).

To state a civil RICO claim, a plaintiff must allege: "(1) a person (2) an enterprise (3) a pattern of (4) racketeering activity (5) which causes injury to the plaintiff." Williams v. Equity Holding Corp., 245 F.R.D. 240, 242-43 (E.D. Va. 2007). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[T]he person

7

committing the racketeering acts must be separate from the 'enterprise' that person participates in or conducts" and the plaintiff must show "that the defendants conducted or participated in the conduct of the enterprise's affairs,' not just their own affairs." Carter v. Rogers, Townsend & Thomas, P.C., No. 1:12cv495, 2014 U.S. Dist. LEXIS 25622, at **14-15 (M.D.N.C. Feb. 28, 2014).

A "racketeering activity" is any one of the predicate offenses or acts specifically listed in RICO. Clayton v. Stephens, 6 F.Supp.2d 480, 485 & n.1 (E.D.N.C. 1996). "A plaintiff must prove each prong of the predicate offense to establish the racketeering element of civil RICO." Id. The only racketeering activities that Plaintiff mentions in his Amended Complaint are mail fraud and wire fraud. If a plaintiff wishes to rely on mail fraud and wire fraud to support his RICO claim, he must plead the circumstances of the fraudulent acts . . . with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)." Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989). "Conclusory allegations that are not stated with particularity do not satisfy Rule 9(b)'s requirements." Williams v. Equity Holding Corp., 245 F.R.D. at 244. Plaintiff "must plead 'the time, place, and content of the false representations, the person making them, and what the person gained from them." Id. Taking the factual allegations of the Amended Complaint as true, Plaintiff has failed to plead mail or wire fraud with particularity.

For this reason and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that Plaintiff's RICO claim be dismissed.

**F. Remaining Claims**

The Amended Complaint purports to assert a claim for "mail and wire fraud," but "[n]o private right of action exists for 'mail fraud' or for wire fraud." Baker v. Data Dynamics, Inc.,

561 F. Supp. 1161, 1166 (W.D.N.C. 1983) (citations omitted). Likewise, there is no private right of action under the CFPA. In re Capital One Derivative Shareholder Litigation, No. 1:12cv1100, 2012 U.S. Dist. LEXIS 182301 at *23 & n.13 (E.D. Va. Dec. 21, 2012). Plaintiff also attempts to assert a claim for "predatory lending." Plaintiff cites no authority establishing the existence of such a claim and the Court is aware of none.

Finally, Plaintiff alleges a claim for civil conspiracy. "There is no independent cause of action [in North Carolina] for civil conspiracy." Precision Components, Inc. v. CW Bearing US, Inc., 630 F.Supp.2d 635, 645 (W.D.N.C. 2008). "The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all." Esposito v. Talbert & Bright, Inc., 181 N.C. App. 742, 747, 641 S.E.2d 695, 698 (2007), disc. rev. denied, 362 N.C. 234, 659 S.E.2d 440 (2008). "Only where there is an underlying claim for unlawful conduct can a plaintiff state a claim for civil conspiracy by also alleging the agreement of two or more parties to carry out the conduct and injury resulting from the conduct." Precision Components, Inc., 630 F.Supp.2d at 645. Since he has failed to state a viable underlying claim, Plaintiff's claim for civil conspiracy fails as well.

For this reason and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that Plaintiff's remaining claims be dismissed.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss (documents ##21 and 26) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: August 4, 2014

_____
David S. Cayer
United States Magistrate Judge